UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | | |
|---|---|---|
| **EDMOND STOKES** | * | **JUDGE** |
| **VERSUS** | * | **DOCKET NO.** |
| **GEORGE JOHNSON AND BGB TRUCKING, INC.** | * | **MAGISTRATE** |

---

## DEFENDANTS' JOINT NOTICE OF AND CONSENT FOR REMOVAL OF ACTION

---

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA, BATON ROUGE DIVISION:**

George Johnson and BGB Trucking, Inc., defendants in the above captioned case, appearing herein through undersigned counsel, with full reservation of all defenses, objections, and rights, respectfully represent the following:

1.

On October 18, 2021 a Petition for Damages was filed by Edmond Stokes in the 19th Judicial District Court for the Parish of East Baton Rouge, bearing Docket No. C712123, Sec. 25.  A copy of the Petition for Damages filed with the 19th Judicial District Court has been attached to the Notice of Filing and Certificate of Removing Defendants as "Exhibit A".

Edmond Stokes vs. George Johnson, et al
United States District Court / Middle District of Louisiana / Baton Rouge Division
Defendants' Joint Notice of and Consent for Removal of Action
1 of 10

## FEDERAL JURISDICTION

## Removal Pursuant to 28 U.S.C. §1332

2.

This civil action is a matter over which this Court has original jurisdiction by virtue of Diversity of Citizenship (28 USC §1332) and is one which may be removed to this Court under the provisions of 28 USC §1441 et seq., in that it is a civil action wherein diversity of citizenship exists between the plaintiffs and all defendants, with the requisite amount in controversy being present for the claims of Mr. Stokes.

## Complete Diversity Exists as to All Parties

3.

According to the Petition, Plaintiff Edmond Stokes is domiciled in St. Martin Parish and is a citizen of the State of Louisiana.

4.

Defendant BGB Trucking, Inc. is a corporation organized under the laws of the State of Kentucky and BGB Trucking, Inc. maintains its principal place of business in Kentucky. The state court suit was sent to BGB Trucking Inc. via the Louisiana Long-arm statute, La. R. S. 13:3201 et. seq., and was accepted on November 1, 2021. The state court record does contain a November 11, 2021 Affidavit of Service filed in the suit record indicating service upon BGB Trucking, Inc.

6.

Defendant George Johnson is a citizen of the state of Kentucky.  Mr. Johnson as resided in Kentucky for many years and intends to remain as a citizen of Kentucky. The

**Edmond Stokes vs. George Johnson, et al**
**United States District Court / Middle District of Louisiana / Baton Rouge Division**
**Defendants' Joint Notice of and Consent for Removal of Action**
**2 of 10**

state court suit was sent to Mr. Johnson via the Louisiana Long-arm statute, La. R. S. 13:3201 et. seq., and was accepted by Mr. Johnson on November 4, 2021. The state court record does contain a November 17, 2021 Affidavit of Service filed in the suit record indicating service was made.

**The Requisite Amount in Controversy Is Established**

7.

Upon information and belief, and without making any stipulation as to the amount of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00.

8.

First, it should be noted that Mr. Stokes' lawsuit contained only general allegations of injury and related pain, suffering, etc…but without specifying either the particular areas of his body allegedly injured in the accident or the particular medical treatment he has thus far undergone.  The Petition for Damages itself did not, therefore set forth sufficient information upon with removal could be premised.  Please see the state court Petition for Damages submitted herewith.

9.

The defendants then submitted an Answer in state court and also propounded Interrogatories and Requests for Production on November 10, 2021.  Plaintiff's counsel served responses to discovery via an email sent at 7:32 pm on Friday, December 10, 2021 in which Plaintiffs' counsel provided post-accident medical records and bills to undersigned counsel via email. Please see said email attached as Exhibit B.  Mr. Stokes'

Edmond Stokes vs. George Johnson, et al
United States District Court / Middle District of Louisiana / Baton Rouge Division
Defendants' Joint Notice of and Consent for Removal of Action
3 of 10

discovery responses, with a December 10, 2021 service certificate, as well as all pertinent medical produced, are attached hereto as Exhibit C.   Please note that the medical information produced on December 10, 2021 is located at Bates #00025-00047 in the Response to Request for Production. No substantive medical information of any kind had been submitted to the defendants (or to their insurer) prior to December 10, 2021.

10.

Upon receipt of the plaintiff's discovery responses, the defense was for the first time made aware of particular medical information regarding Mr. Stokes which does reveal an "amount in controversy" in excess of $75,000.00. As set forth in greater detail below the defense herein is accordingly "setting forth facts in controversy, with summary-judgment type evidence that support a finding of the requisite amount." Drill Cuttings Disposal Co. L.L.C. v. Chesapeake Operating, Inc., 2012 WL 399247, at *1 (W.D. La. Feb. 7, 2012) *citing* Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999). While the Defendants herein do not concede any facts pertaining to the nature, extent and causation of injuries, the medical records supplied on December 10, 2021 revealed the following information upon which the claims of the plaintiff are based:

Following the accident, Mr. Stokes first treated at Patient First Specialists on October 14, 2021 with complaints of headaches, neck pain and lower back pain. Those complaints continued through November 17, 2021. Dr. Nader's diagnosis was: cervicalgia; low back pain; **radiculopathy cervical region and lumbar region**; post-traumatic headaches and **post-concussion syndrome**.

An October 16, 2021 **lumbar** MRI revealed **multiple disc herniations and protrusions**. Specifically**,**

Edmond Stokes vs. George Johnson, et al
United States District Court / Middle District of Louisiana / Baton Rouge Division
Defendants' Joint Notice of and Consent for Removal of Action
4 of 10

1. L5-S1 persistent posterior central 2.0 mm disc protrusion-subligamentous disc herniation extends into the epidural fat and indents the thecal sac. Central canal and neural foramina are patent.
2. L4-L5 persistent posterior central/bilateral foraminal 2.5 mm disc bulge extends into the epidural fat and indents the thecal sac. Associated moderate bilateral neural foraminal stenosis.
3. Moderate foraminal stenosis with bilateral L4 nerve root impingement in the foraminal spaces.

An October 14, 2021 **cervical** MRI showed broad based disc bulges at C3-4, 4-5, 5-6 and 6-7 with **herniated discs at C5-6 and C6-7**.

Specifically,

A. At C5-C6, there is moderate **posterior disc herniation** in the central and paracenetal region extending to the right lateral aspect measuring 3.3 mm in AP diameter, indenting the thecal sac, **indenting the spinal cord, encroaching on the right lateral recess. There is a tear in the posterior annulus fibrosus in the central and right lateral aspect**.
B. At C6-C7, there is a broadbased posterior disc protrusion in the central and lateral aspect in both sides measuring 2.2 mm in AP diameter, indenting the thecal sac, not reaching the spinal cord. There is no evidence of spinal stenosis at this level.
C. At C3-C4, there is central posterior disc protrusion measuring 1.5 mm in AP diameter, indenting the thecal sac, almost reaching the spinal cord. There is no evidence of spinal stenosis at this level.
D. At C4-C5, there is broadbased **posterior protrusion-subligamentous disc herniation** in the central and lateral aspect in both sides, but more prominent centrally and to the right measuring 1.5 mm in AP diameter, indenting the thecal sac, almost reaching the spinal cord. There is no evidence of spinal stenosis at this level.
E. Straightening of the cervical lordotic curve which could be positional or due to muscle spasm, to be correlated clinically.

On October 25, 2021 trigger point injections were recommended for the C7-T1 and L4-5 discs.

On November 4, 2021, trigger point injections were ordered for C5-6. The medical records indicate that Mr. Stokes was has been for a neuropsychological and neurological evaluation. Dr. Nader noted that within a reasonable degree of probability that Mr. Stokes will need an anterior cervical discectomy and fusion at C5-6 as well as an anterior lumbar

Edmond Stokes vs. George Johnson, et al
United States District Court / Middle District of Louisiana / Baton Rouge Division
Defendants' Joint Notice of and Consent for Removal of Action
5 of 10

interbody fusion at L4-S1. Dr. Nader further recommended Diffuse Tensor Imaging be conducted of Stokes' brain to further assess the nature of any traumatic brain injury and to provide neurocognitive rehabilitation.

On November 17, 2021 Mr. Stokes was seen by surgeon Dr. Tran on referral from Dr. Nader. Dr. Tran performed an epidural steroid injection at C7-T1 and trigger point injections for the lumbar paravertebral muscles. Dr. Tran's diagnosis was of cervical disc herniation with radicular pain and myofascial pain.

11.

The medical records provided to the Defendants on December 10, 2021 therefore contain surgical recommendations for Mr. Stokes. Courts have found the amount in controversy met for purposes of federal subject matter jurisdiction under similar circumstances, even without a surgical recommendation. "Defendants correctly point out that it is well established in Louisiana law that damage awards for a herniated disc without surgical intervention may exceed $75,000.00" Thibodeaux v. GEICO Advantage Ins. Co., CV 16-158-JWD-EWD, 2016 WL 4055660, at *5 (M.D. La. July 8, 2016), report and recommendation adopted, CV 16-158-JWD-EWD, 2016 WL 4033981 (M.D. La. July 26, 2016).

In Pruitt v. Parsons, 2001 WL 1545703, at *1 (E.D. La. Dec. 3, 2001), the court found the amount in controversy met where the plaintiff alleged contusions and abrasions, and injury to his neck and lower back, and noted that "Defendants refer the Court to a litany of Louisiana cases involving awards for similar injuries in excess of $75,000.00, including cases in which plaintiffs for whom no surgery was recommended were awarded $100,000.00 and $400,000.00." *See also* Williams v. Perez, 2007 WL 9711090, at *4

**Edmond Stokes vs. George Johnson, et al**
**United States District Court / Middle District of Louisiana / Baton Rouge Division**
**Defendants' Joint Notice of and Consent for Removal of Action**
**6 of 10**

(M.D. La. Oct. 23, 2007), report and recommendation adopted, 2007 WL 9711088 (M.D. La. Nov. 8, 2007) (citing cases).

Courts have awarded general damages to plaintiffs who had cervical and lumbar injuries, without surgeries, several times the amount of incurred medical expenses. *See* Collier v. Benedetto, 897 So.2d 775, 780 (La. App. 5th Cir. 2005) (adjusting award of general damages from $50,000.00 to $75,000.00 where plaintiff in automobile accident, who declined surgery, "sustained injuries to his back, neck, knee, thigh and shoulder, a small right disc protrusion at C5–C6, and cervical and lumbar muscle strains" and was awarded just $5,718.75 in medical expenses); Perez v. State ex rel. Crescent City Connection, Div. of Dep't of Transp. & Dev., 753 So.2d 913, 914–15 (La. App. 4th Cir. 2000) (affirming award of $150,000.00 in general damages where plaintiff was not recommended for, and did not have, surgery for bulging cervical, thoracic, and lumbar strains and bulging discs, as well as post-traumatic headaches, and incurred past medical expenses of just over $27,000.00); Wehbe v. Waguespack, 720 So.2d 1267, 1270–72 (La. App. 5th Cir.1998) (affirming award of "$185,000.00 for general damages for a herniated C3–4 disc without surgery and aggravation of pre-existing degenerative lumbar spine disease without any disc herniation" where plaintiff incurred past medical expenses of $6,590.00).

Therefore, upon information and belief, and without making any stipulation as to the nature, extent or causation of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00 for Mr. Stokes based upon the medical evidence first supplied to the Defendants on December 10, 2021.

**Venue**

**Edmond Stokes vs. George Johnson, et al**
**United States District Court / Middle District of Louisiana / Baton Rouge Division**
**Defendants' Joint Notice of and Consent for Removal of Action**
**7 of 10**

12.

Plaintiffs filed this lawsuit in the 19th Judicial District Court for the Parish of East Baton Rouge. Thus, venue in this District is proper under 28 U.S.C. §1441(a), as it is the "District Court of the United States for the district and division embracing the place" where the original lawsuit is pending.

**Removal of This Matter is Timely**

13.

It was not facially apparent from the Stokes Petition that the amount in controversy exceeded the $75,000.00 threshold for this Court's diversity jurisdiction. It was only upon receiving Stokes' discovery responses on December 10, 2021, including the medical records described in detail above, that defendants were able to ascertain that the amount in controversy in this matter exceeds the $75,000.00 threshold for diversity jurisdiction.

14.

Applicable jurisprudence makes it clear that a Defendant is not required to remove the case within 30 days of receipt of the suit when the petition fails to "affirmatively reveal on its face" that Plaintiff is seeking damages in excess of the minimum jurisdictional amount. Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir.1992) ("the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."). Plaintiff's action may become removable during its first year if Defendant receives "a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that" federal jurisdiction exists. 28 U.S.C. § 1446(b)(3).

**Edmond Stokes vs. George Johnson, et al**
**United States District Court / Middle District of Louisiana / Baton Rouge Division**
**Defendants' Joint Notice of and Consent for Removal of Action**
**8 of 10**

In the context of "**other paper**," the Fifth Circuit has generally held that a case becomes removable when a "**voluntary act" of the _plaintiff_ makes it ascertainable** for the first time that the federal jurisdiction exists. *S.W.S. Erectors, Inc.,* 72 F.3d at 494 (citing Gaitor v. Peninsular & Occidental Steamship Co., 287 F.2d 252, 254 (5th Cir.1961) (non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court ..., but that such conversion can only be **accomplished by the voluntary** [act of] the plaintiff").

By its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only **_after_** it receives the initial pleading." Chapman, 969 F.2d at 164 (emphasis added).

The instant matter is squarely on point with Williams v. Brand Energy & Infrastructure Services, Inc., CV 16-00120-SDD-EWD, 2016 WL 3977259, at *3 (M.D. La. June 9, 2016), where the Court held:  " Accordingly, the 30-day period for removing the action was not triggered by service of the Petition, but rather by receipt of Williams' response to a Request for Production, indicating his damages "far exceed $75,000." As defendants removed this action less than 30 days after receiving plaintiff's discovery response, removal was timely under 28 U.S.C. § 1446(b)(3).

15.

In the case brought by Mr. Stokes, the Defendants had no specific information upon which to assess removability until receipt of the plaintiff's discovery responses received via email on December 10, 2021.  Insofar as this removal is being accomplished within 30 days of this date, removal is therefore timely.

Edmond Stokes vs. George Johnson, et al
United States District Court / Middle District of Louisiana / Baton Rouge Division
Defendants' Joint Notice of and Consent for Removal of Action
9 of 10

WHEREFORE, defendants do hereby remove the above captioned case to the United States District Court for the Middle District of Louisiana, Baton Rouge Division.

Respectfully submitted:

**RABALAIS & HEBERT, LLC**

*s/ Steven B. Rabalais*

**STEVEN B. RABALAIS (#17100) T.A.**
**MELVIN A. EIDEN (#19557)**
**BLAKE T. COUVILLION (#37443)**
701 Robley Drive, Suite 210
Lafayette, LA 70503
Telephone: (337) 981-0309
Fax: (337) 981-0905
Email: **srabalais@rhhnet.com**;
**meiden@rhhnet.com**; **blake@rhhnet.com**
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to plaintiff's counsel by operation of the Court's electronic filing system.

Lafayette, Louisiana on this 6th day of January, 2022.

*s/ Steven B. Rabalais*

**STEVEN B. RABALAIS**
**MELVIN A. EIDEN**
**BLAKE T. COUVILLION**

Edmond Stokes vs. George Johnson, et al
United States District Court / Middle District of Louisiana / Baton Rouge Division
Defendants' Joint Notice of and Consent for Removal of Action
10 of 10