UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EDMOND STOKES**                                                      **CIVIL ACTION**

**VERSUS**                                                             **NO. 22-6-BAJ-RLB**

**GEORGE JOHNSON, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 14, 2022.

                                                     **RICHARD L. BOURGEOIS, JR.**
                                                     **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDMOND STOKES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-6-BAJ-RLB** |
| **GEORGE JOHNSON, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 8). The motion is opposed. (R. Doc. 9).

**I.     Background**

On or about October 18, 2021, Edmond Stokes ("Plaintiff") filed a Petition for Damages in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants George Johnson and BGB Trucking, Inc. (collectively, "Defendants"). (R. Doc. 1-2 at 13-17). The Petition provides that the defendant George Johnson, while employed by BGB Trucking, Inc., crashed his commercial tractor trailer into Plaintiff's vehicle. (R. Doc. 1-2 at 13-14). (R. Doc. 1-2 at 13-14). Plaintiff alleges, among other things, that his damages include physical pain and suffering, mental anguish, physical impairment, medical care and expenses, disfigurement, loss of earning capacity, loss of household services, monitoring and prevention costs, and punitive damages. (R. Doc. 1-2 at 16).

There is no dispute that Plaintiff served the Petition on BGB Trucking, Inc. and George Johnson, respectively, on November 1, 2021 and November 4, 2021. (R. Doc. 1 at 2-3; R. Doc. 8-1 at 3).

On December 10, 2021, Plaintiff provided Defendants with discovery responses, including post-accident medical records. (R. Docs. 1-3, 1-4).

1

On January 6, 2022, Defendants removed this action, asserting the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332 and that the removal is timely under 28 U.S.C. § 1446(b). (R. Doc. 1). Defendants assert that there is complete diversity because Plaintiff is a citizen of Louisiana and Defendants are citizens of Kentucky. (R. Doc. 1 at 2-3). Defendants further assert that the amount in controversy requirement is satisfied in light of Plaintiff's post-accident medical records received in discovery. (R. Doc. 1 at 3-8). Finally, Defendants assert that removal is timely under 28 U.S.C. § 1446(b)(3) because it was made within 30 days of the service of an "other paper" from which Defendants could first ascertain the existence of federal jurisdiction. (R. Doc. 1 at 8-9).

On February 4, 2022, Plaintiff filed the instant Motion to Remand, arguing that removal was untimely and that remand is proper in light of this procedural defect in removal. (R. Doc. 8).

## II.     Arguments of the Parties

Plaintiff does not dispute that the Court can properly exercise diversity jurisdiction over this action. In fact, Plaintiff asserts that it is "facially apparent" from the Petition that the amount in controversy requirement is satisfied. (R. Doc. 8-1 at 1-4). Plaintiff further claims that removal was untimely because it was not made within 30 days of service of the initial pleading under 28 U.S.C. § 1446(b)(1). (R. Doc. 8-1 at 4-7). In short, Plaintiff asserts that the 30-day removal period under Section 1446(b)(1) was triggered upon service of the initial Petition because the amount in controversy is facially apparent for the purposes of determining the jurisdictional amount for diversity jurisdiction.

In opposition, Defendants argue that the Petition does not meet the bright-line rule that the 30-day period for removal based on receipt of the initial pleading is only met where the initial pleading affirmatively reveals that the plaintiff is seeking damages in excess of the

jurisdictional amount for diversity jurisdiction. (R. Doc. 9 at 1-8). Defendant goes on to argue that the amount in controversy requirement was not satisfied, for the purposes of triggering the 30-day removal period under Section 1446(b)(3), until the production of the pre-removal discovery responses, including medical records, provided on December 10, 2021. (R. Doc. 9 at 9-10). Given the foregoing, Defendants argue that removal was timely made within 30 days of the discovery responses

### III.     Law and Analysis

There is no dispute that this Court can properly exercise diversity jurisdiction over this action under 28 U.S.C. § 1332.[1] The sole dispute is whether removal was procedurally defective

---

[1] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). There is no dispute that the parties are diverse. With respect to the amount in controversy requirement, Defendants "may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Here, the assertions in the Petition, Plaintiff's acknowledgement that the amount in controversy requirement is satisfied, and the contents of the pre-removal discovery responses support a finding that the amount in controversy requirement is satisfied. While the damages alleged in the Petition are generalized, the Court gives some weight to Plaintiff's jury demand with respect to a finding that the amount in controversy requirement is satisfied. *See Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195, 2015 WL 4772185, at *3 (M.D. La. Aug. 12, 2015) (citing *Brown v. Richard*, No. 00–1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ("jury demand for state court can be a factor in determining whether the amount in controversy requirement for federal jurisdiction is satisfied" but alone is not controlling to satisfy the jurisdictional requirement). Moreover, Plaintiff's discovery responses indicate that Plaintiff is earning approximately $1000 a week, which supports a finding that Plaintiff's claim for lost earning capacity is significant. (R. Doc. 9-2 at 7). Finally, Plaintiff's post-accident medical records support a finding that the jurisdiction amount is met. First, the medical records clarify that Plaintiff suffered diffuse traumatic brain injury with loss of consciousness, post-concussion syndrome, post-traumatic headaches. (R. Doc. 1-4 at 27-35). Plaintiff received brain, cervical, and lumbar MRIs, which revealed multiple disc bulges and herniations. (R. Doc. 1-4 at 36-41). Plaintiff's treating physician stated that "[w]ithin a reasonable degree of medical probability [Plaintiff] will likely need" an anterior cervical discectomy and fusion at C5-6 and an anterior lumber interbody fusion at L4-S1. (R. Doc. 1-4 at 32). Plaintiff continues to experience neck and back pain and has received epidural steroid injections and recommendations for physical and chiropractic therapy. (R. Doc. 1-4 at 42-48). The record as a whole, including the reasonable possibility of future surgery, support a finding that the amount in controversy requirement is satisfied. *See Thibodeaux v. GEICO Advantage Ins. Co.,* No. 16-158-JWD-EWD, 2016 WL 4055660, at *5 (M.D. La. July 8, 2016) ("Defendants correctly point out that it is well established in Louisiana law that damage awards for a herniated disc without surgical intervention may exceed $75,000.00") (citing cases), *report and recommendation adopted*, 2016 WL 4033981 (M.D. La. July 26, 2016); *Thomas v. Louis Dreyfus Commodities, LLC*, No. 15-394-SDD-RLB, 2016 WL 1317937, at *5 (M.D. La. Mar. 11, 2016) ("[E]ven in the absence of surgical recommendations, Louisiana courts have awarded $50,000–$60,000 for multiple herniated discs.") (citing cases), *report and recommendation adopted*, 2016 WL 1337655 (M.D. La. Apr. 1, 2016).

3

because it was untimely removed under 28 U.S.C. § 1446. Plaintiff timely raised this procedural defect within 30 days after the filing of the notice of removal. *See* 28 U.S.C. § 1447(c).

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). In the context of determining whether the 30-day period for removal is triggered under § 1446(b)(1) where the plaintiff does not allege the amount in controversy, the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). The Court in *Mumfrey* noted that if a plaintiff wishes the 30-day time period to run from the defendant's receipt of the initial pleading, he shall "place in the initial pleading *a specific allegation that damages are in excess of the federal jurisdictional amount.*" *Id.* (citing *Chapman*) (emphasis added by *Mumfrey*). Such a statement would provide notice to defendants that the

4

removal clock had been triggered but would not run afoul of state laws that prohibit pleading unliquidated damage amounts.

With regard to triggering the 30-day time period from a defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in Section 1446(b)(3), the Fifth Circuit has provided that the 30-day period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Accordingly, the standard for triggering removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in Section 1446(b)(3), is at least as strict as the standard for triggering the 30-day period for removal based on an initial pleading, as provided in Section 1446(b)(1).

Here, the Petition does not affirmatively reveal on its face that Plaintiff is seeking damages in excess of $75,000. There is no allegation that the damages are in excess of the federal jurisdiction amount.[2] Even assuming, as argued by Plaintiff, that the jurisdictional amount was "facially apparent" based upon the scope of the damages sought in the Petition, that would have been insufficient to trigger the 30-day deadline for removal under Section 1446(b)(1). The Fifth Circuit has clarified that the analysis regarding whether a pleading "affirmatively reveals on its face" that the 30-day removal period is triggered is not the same as whether it is "facially apparent" that removal may be appropriate. *See Mumphrey*, 719 F.3d at 400 (distinguishing "amount dispute" cases from "timeliness" cases). Accordingly, the 30-day

---

[2] In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). Plaintiffs are required, however, to make a general allegation where there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

5

deadline to remove the action was not triggered by the service of the initial Petition, which did not affirmatively reveal on its face that the jurisdictional amount was satisfied.

Having concluded that the 30-day removal period under Section 1446(b)(1) was not triggered by receipt of the initial Petition, the Court need not decide whether the 30-day removal period under Section 1446(b)(3) was triggered by receipt of the pre-removal discovery responses on December 10, 2021. That is because even if the 30-day removal period based on the receipt of an "other paper" was triggered, there is no dispute that Defendants removed the action on January 6, 2022 (i.e., within 30 days of receipt of the "other paper").

**IV.    Conclusion**

Based on the foregoing,

**IT IS RECOMMENED** that Plaintiff's Motion to Remand (R. Doc. 8) be **DENIED**.

Signed in Baton Rouge, Louisiana, on March 14, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**